IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


|  |  |  |
|---|---|---|
| CHRISTOPHER DARNELL CALDWELL, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HARRY E. WILSON, DISTRICT ATTORNEY | ) | Civil Action No. 04-1683 |
| OF ALLEGHENY COUNTY, and THE | ) | |
| ATTORNEY GENERAL OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents | ) | Judge David S. Cercone/ |
| | ) | Magistrate Judge Lisa |
| | ) | Pupo Lenihan |
| | ) | |
| | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


**RECOMMENDATION**

It is recommended that the habeas petition (Dkt. # 1) filed pursuant to 28 U.S.C. § 2254 be dismissed and that a certificate of appealability be denied.

**REPORT**

Christopher Darnell Caldwell, ("Petitioner") is serving  two consecutive life sentences for the murders of an elderly married couple which he committed by cutting their throats and stabbing them in the presence of each other.  After his arrest, Petitioner confessed to the murders.  The two consecutive life sentences were imposed upon him on September 13, 1989.  Doc. 7, Exs. 28 and 29.  Having filed no appeal from this order, Petitioner's conviction became final 30 days later.  Hence, Petitioner's

conviction became final prior to the effective date of AEDPA.

Accordingly, Petitioner had a grace period of until April 23, 1997 to file this habeas petition.  However, because the Petitioner had a properly filed application for state post-conviction review pending from October 7, 1996 until December 4, 2002 when the Pennsylvania Supreme Court denied allocatur, the AEDPA statute of limitations was tolled during that time and did not begin to run until December 5, 2002 and continued to run until it ran out on June 23, 2003, approximately, fourteen months prior to the date Petitioner signed his current habeas petition, i.e., October 27, 2004.  Although Petitioner did file a second PCRA petition on January 22, 2003, almost immediately after the first one ceased to pend, the State Courts held the second PCRA petition to be time barred.  Accordingly for purposes of AEDPA, this second PCRA petition cannot toll the AEDPA statute of limitations.  Hence, this federal habeas petition is time barred.

Alternatively, Petitioner has not shown that the issues he raises in his habeas petition merit relief.  Accordingly, the petition should be dismissed.

**A.  Relevant Procedural History**

On January 11, 1986, Petitioner, appeared with counsel, Paul and Eleanor Gettleman in the Allegheny County Court of Common Pleas.  Petitioner pleaded guilty to, *inter alia*, two counts of general criminal homicide, robbery, and burglary.  Petitioner

agreed to allow the judge to determine the degree of guilt for
the homicide counts, which Judge Dauer determined to be first
degree murder.  A jury that had been selected prior to
Petitioner's plea, which was to be the jury at the trial, sat as
a sentencing jury to determine if Petitioner should be sentenced
to death.  On January 16, 1986, the jury found Petitioner should
receive the death penalty on both first degree murder
convictions.

    After post trial motions were denied, Petitioner, through
Attorney Paul Gettleman, filed an appeal to both the Superior and
Pennsylvania Supreme Courts.  The appeals were eventually
consolidated in the State Supreme Court.  On October 16, 1987,
the Pennsylvania Supreme Court vacated the two death sentences
and remanded to Judge Dauer to impose life sentences.
Commonwealth v. Caldwell, 532 A.2d 813 (Pa. 1987).  Thereafter,
on September 13, 1989, Judge Dauer entered orders, sentencing
Petitioner to two consecutive life sentences.  Doc. 7, Ex. 28 &
29.  Although Petitioner did thereafter file some post sentence
motions, he never filed an appeal.

    On October 7, 1996, Petitioner filed a pro se PCRA petition.
Counsel was appointed and eventually, an amended PCRA petition
was filed.  Doc. 8, Ex. 41.  Eventually, counsel withdrew, and
Petitioner proceeded pro se.  On August 9, 2000, Judge Dauer
filed his order and memo opinion denying Petitioner PCRA relief.

Doc. 8, Ex. 60.

Petitioner then filed a pro se notice of appeal which was ultimately docketed in the Superior Court.    After several appellate counsel were appointed and subsequently granted leave to appeal, Attorney Leibowitz filed a brief in the Superior Court, which denied relief and affirmed the PCRA trial court on June 18, 2002.

Attorney Leibowitz then filed an allocatur petition in the Pennsylvania Supreme Court which denied the allocatur petition on December 4, 2002.

Petitioner then filed, pro se, a second PCRA petition on January 27, 2003.   On February 7, 2003, Judge Gallo of the Court of Common Pleas of Allegheny County issued his notice of intent to dismiss the PCRA petition as time barred.   Doc. 8, Ex. 71. After being granted an extension of time, Petitioner responded to the notice, and subsequently Judge Gallo dismissed the second PCRA petition as time barred on September 17, 2003.   Doc. 8, Ex. 73.   Petitioner then filed a pro se notice of appeal in the Superior Court, which affirmed the PCRA Court's order and denied relief on September 24, 2004.   Petitioner did not file an allocatur petition in the Pennsylvania Supreme Court.

on October 27, 2004, Petitioner signed the instant habeas petition which the Court docketed.   In their answer (Doc. Nos. 7-8), Respondents point out that the habeas petition is untimely.

4

Petitioner filed a traverse.  Doc.  11.

### B.  Applicable Legal Standards

#### 1.  AEDPA is applicable

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA) which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was effective April 24, 1996.  Because petitioner's habeas petition was filed after the effective date of AEDPA, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000) cert. denied, 532 U.S. 980 (2001).

#### 2.  Statute of Limitations

With the enactment of AEDPA, Congress has required that state prisoners file their federal habeas petitions within one year of any of four enumerated events:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(D) the date on which the factual predicate of the
claim or claims presented could have been discovered
through the exercise of due diligence.
(2) The time during which a properly filed application
for State post- conviction or other collateral review
with respect to the pertinent judgment or claim is
pending shall not be counted toward any period of
limitation under this subsection.

28 U.S.C. § 2244(d).

Although a habeas respondent has the burden of affirmatively
pleading AEDPA's statute of limitations, Hill v. Braxton, 277
F.3d 701, 705 (4th Cir. 2002), it is appropriate, where the
habeas petitioner has been put on notice of a statute of
limitations defense, to place some burden on him to show why the
date his conviction became final or the date the grace[1] period
started to run should be not used to calculate the running of the
statute of limitations. See, e.g., Smith v. Duncan, 297 F.3d 809,
814 (9th Cir. 2002) ("once a petitioner is given adequate notice
and opportunity to respond to allegations that his petition is
subject to dismissal pursuant to AEDPA's statute of limitations,
petitioner has the burden of providing an adequate response")

---

[1]   See Burns v. Morton, 134 F.3d 109, 1112 (3d Cir. 1998)
(establishing a one year grace period after AEDPA's enactment
date and holding that where convictions became final before April
24, 1996, the effective date of AEDPA, habeas petitions filed on
or before April 23, 1997 come within AEDPA's one year statute of
limitations).   The Court of Appeals explained the effect of its
holding in Burns v. Morton is to "make . . . all other
convictions in this circuit otherwise final before the effective
date of the AEDPA, April 24, 1996, final on that day for purposes
of calculating the limitations period."   United States v. Duffus,
174 F.3d 333, 334 (3d Cir. 1999).

(citing, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1041-42 (9th Cir. 2001));
<u>Jackson v. Secretary for Dept. of Corrections</u>, 292 F.3d 1347,
1349 (11th Cir. 2002);   <u>Robinson v. Johnson</u>, 313 F.3d 128, 134-
135 (3d Cir. 2002) ("The purpose of requiring the defendant to
plead available affirmative defenses in his answer is to avoid
surprise and undue prejudice by providing the plaintiff with
notice and the opportunity to demonstrate why the affirmative
defense should not succeed.").

It is appropriate to place at least some burden of pleading
and production on a habeas petitioner to show that the date for
the running of the AEDPA limitations period should start from
either the date a State created impediment was removed (28 U.S.C.
§ 2244(d)(1)(B)) or the date on which a factual predicate could
first have been discovered (28 U.S.C. § 2244(d)(1)(D)) or the
date on which the United States Supreme Court announced a new
constitutional rule which it made retroactively applicable to
cases on collateral review (28 U.S.C. § 2244(d)(1)(C)). <u>See</u>
<u>Jackson v. Secretary for Dept. of Corrections</u>, 292 F.3d 1347,
1349 (11th Cir. 2002)("Because Jackson did not assert that a
government-created impediment to his filing existed, that he
based his claims on a right newly recognized by the Supreme
Court, or that the facts supporting his claims could not have
been discovered through due diligence before the filing of this
petition, the statute of limitations must be measured from the

remaining trigger, which is the date on which his conviction became final.").  Thus, once a habeas petitioner has been put on notice of the affirmative defense of AEDPA's statute of limitations, he bears the burden of demonstrating why the date for the start of AEDPA's limitations period is other than the date the conviction became final or some other reason why the statute of limitations has not run.

## C. Discussion

Petitioner's conviction became final 30 days after September 13, 1989, which is the date whereon Judge Dauer imposed two consecutive life sentences on Petitioner after the Pennsylvania Supreme Court vacated the two death sentences.  His conviction became final on October 13, 1989, because Petitioner did not file any appeal during the thirty days following the entry of his judgment of sentence.  Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001)("Nara pled guilty on June 20, 1984 and was sentenced on July 13, 1984. Nara did not file a direct appeal, so his conviction and sentence were 'final' on August 13, 1984, when the time during which he could have appealed (30 days) lapsed.") abrogation on other grounds recognized in, Brooks v. Walls, 301 F.3d 839, 841 (7th Cir. 2002); Woods v. Kearney, 215 F.Supp.2d 458, 460 (D. Del. 2002); Gibbs v. Johnson, No. Civ. 00-5744, 2002 WL 55812, at *1 n.2 (E.D. Pa. Jan. 15, 2002)(holding that a conviction becomes "final' for AEDPA statute of limitations

8

purposes, thirty days after judgment of sentence is entered where no appeal is taken).  Because Petitioner's conviction became final prior to the effective date of AEDPA, his conviction is deemed to have become final on the effective date of AEDPA, i.e., April 24, 1996 and Petitioner would be given one year[2] from that date in which to file his habeas petition.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998)(establishing a one year grace period after AEDPA's enactment).  A properly filed post conviction or collateral petition that is filed and/or pending between April 24, 1996 and April 23, 1997, tolls the running of the limitations grace period.  See 22 U.S.C. § 2244(d)(2); Bennet v. Artuz, 199 F.3d 116, 119 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000).

Petitioner filed a PCRA petition in the Court of Common Pleas of Allegheny County on October 7, 1996.  Doc. 7 at 8 and at Ex. 38.  Counting from April 24, 1996 until October 6, 1996 (i.e., the day before he filed his PCRA petition), a total of 165 days of AEDPA's 365 day limit passed. In counting this time, the court follows Fed.R.Civ.P. 6.[3]  Hence, the court does not count

---

[2] For purposes of AEDPA's one year statute of limitations, a "year" means 365 days.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001); Stokes v. Miller, 216 F.Supp.2d 169 (S.D.N.Y. 2000).

[3] Fed.R.Civ.P. 6 provides in relevant part that

In computing any period of time prescribed or allowed by these rules, by the local rules of any district

April 24, 1996 as the first day because that is the "day of the act, event, or default from which the designated period of time begins to run" within the meaning of Rule 6.  In addition, the court does not count October 7, 1996, as the last day.  Although, pursuant to Fed. R. Civ. P. 6, the last day of a time period is to be counted, October 7, 1996, is not to be counted here because, on that date, Petitioner filed his PCRA petition and thus as of that date AEDPA's statute of limitations is tolled, i.e., not counted due to the fact that Petitioner had a petition for post conviction relief "pending" for at least a portion of October 7, 1996, within the meaning of 28 U.S.C. § 2244(d)(2). In re Susquehanna Chemical Corp., 81 F.Supp. 1, 9 (W.D. Pa. 1948)(general rule is that fractions of a day are to be disregarded), *aff'd*, 174 F.2d 783 (3d Cir. 1949).  Hence, the last day on which the AEDPA statute of limitations ran was October 6, 1996, which was counted as the last day pursuant to Fed. R. Civ. P. 6.

Petitioner's PCRA petition continued to pend until December

court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

10

4, 2002, which is the date whereon the Pennsylvania Supreme Court denied his allocatur petition.[4]  Doc. 7 at 15; Doc. 8, Ex. 69.

While it is true that Petitioner filed a second PCRA petition in the Allegheny Court of Common Pleas on January 22, 2003,[5] the State Courts ruled that this second PCRA petition was not timely filed as a matter of state law.  Such a finding under state law is binding on this court.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to re-examine state court determinations on state law questions"); <u>Wainwright v. Goode</u>, 464 U.S. 78, 84 (1983) (stating that federal courts are bound by a State Court's interpretation of state law).  Because the second PCRA petition was not timely filed under state law, it cannot toll AEDPA's statute of limitations.  <u>Merritt v. Blaine</u>, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003) (holding that because petitioner's second PCRA

---

[4]  The 90 days in which Petitioner could have filed a petition for certiorari to the United States Supreme Court does not toll AEDPA's statute of limitations. <u>See</u> <u>Stokes v. District Attorney of Philadelphia County</u>, 247 F.3d 539, 542 (3d Cir. 2001)("the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."), <u>cert</u>. <u>denied</u>, 534 U.S. 959 (2001).

[5]  The Respondents use the date of January 27, 2003, however, applying the mail box rule, the court finds January 22, 2003, the date whereon Petitioner signed his second PCRA petition to be the correct date of filing.  <u>Commonwealth v. Little</u>, 716 A.2d 1287 (Pa.Super. 1998)(applying prisoner mail box rule to PCRA petitions).

petition was untimely under state law, it was not "properly
filed" for purposes of AEDPA).  Hence, AEDPA's statute of
limitations began to run again on December 5, 2002 and continued
to run until it ran out on, June 23, 2003,[6] 200 days later (i.e.,
adding the 165 days that had already passed between the date his
conviction was deemed to have became final on April 24, 1996 and
the date whereon he filed his first PCRA petition, which was
October 7, 1996, to the 200 days that passed after his first PCRA
petition was no longer pending yields the result of 365 days).
Hence, Petitioner's habeas petition was not filed within one year
of the date his conviction was deemed to have become final.

    Notwithstanding the fact that the Respondents raised the
statute of limitations defense, the sole argument Petitioner
raises in his 45 page traverse, in opposition to the application
of AEDPA's statute of limitations is as follows:

> With the Common Pleas Court of Allegheny County,
> Pennsylvania not having any jurisdiction over this case
> and because said Court is operating in total violation
> of the United States Constitution no time limitations
> can restrain this de jure Petitioner from seeking
> relief from the illegal and false imprisonment,
> involuntary servatude [sic] and peonage that the de
> jure is being subjected to against his will.

Doc. 11 at 28.  There are several problems with this argument.
First of all, Petitioner has not convinced the court of the truth
of his premise, i.e., that the Allegheny County Court of Common

_____

    [6]  While the 200th day after December 4, 2002 is June 22,
2003, because that day is a Sunday, it is not counted.

Pleas lacked jurisdiction over this case,[7] so that even if it were true that AEDPA's statute of limitations cannot bar a claim where the state courts had no jurisdiction over a criminal case, such a putative rule would not benefit Petitioner.  Secondly, Petitioner has cited no authority for the proposition that AEDPA's statute of limitations does not apply to prevent one convicted of a crime by a state court without jurisdiction from filing a federal habeas petition and the court is unaware of any. Cf. Reynosa v. Hood, 25 Fed.Appx. 647 (9th Cir. 2002)(refusing to entertain a Section 2241 petition where Petitioner claimed that Section 2255 was inadequate because he was barred by AEDPA's one year statute from filing a Section 2255 motion even though Petitioner was contending that the District Court that convicted him lacked subject matter jurisdiction).

Nor has petitioner argued the applicability of any other starting point for the running of AEDPA's statute of limitations as is his burden.  See, e.g., Jackson v. Secretary for Dept. of Corrections, 292 F.3d at 1349 ("Because Jackson did not assert that a government-created impediment to his filing existed, that he based his claims on a right newly recognized by the Supreme

---

[7]  Petitioner's argument in this regard appears to rest on his contention that the Coroner did not have jurisdiction over his case to act as an issuing authority, i.e., to issue an arrest warrant for Petitioner and therefore all subsequent proceedings were void as being without jurisdiction.  See Doc. 11 at pp. 6-18.

Court, or that the facts supporting his claims could not have been discovered through due diligence before the filing of this petition, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final.").

Nor has Petitioner argued, yet alone, carried his burden to show that he is entitled to equitable tolling of AEDPA's statute of limitations. See, e.g., Balagula v. United States, 73 F.Supp.2d 287, 291 (E.D.N.Y. 1999)("The burden lays with the petitioner to establish the entitlement to equitable tolling."); Turner v. Singletary, 46 F.Supp.2d 1238, 1243 (N.D. Fla. 1999)("The burden is upon the petitioner to show that equitable tolling is warranted."). See also, Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003)("to be entitled to equitable tolling, '[t]he **petitioner must show** that he or she exercised reasonable diligence in investigating and bringing [the] claims.'")(some internal quotations omitted)(emphasis added).  Accordingly, his petition should be dismissed as time barred.

In the alternative, even if the court were to address Petitioner's issues on the merits, he fails to show entitlement to relief.

The issues raised in his habeas petition which are denominated Issues 1, 2 and 9, all complain about alleged wrongs occurring during the state PCRA proceedings, or in the case of

14

Issue Number 9, contend that the state PCRA statute is
unconstitutional.  None of these three claims present an issue
cognizable in habeas proceedings because errors concerning a
state's post conviction process simply are not cognizable in a
federal habeas petition.  <u>Hassine v. Zimmerman</u>, 160 F.3d 941, 954
(3d Cir. 1998)("The federal role in reviewing an application for
habeas corpus is limited to evaluating what occurred in the state
or federal proceedings that actually led to the petitioner's
conviction; what occurred in the petitioner's *collateral*
proceeding does not enter into the habeas calculation. . . .
Federal habeas power is 'limited ... to a determination of
whether there has been an improper detention by virtue of the
state court judgment.'"); <u>Bryant v. Maryland</u>, 848 F.2d 492, 493
(4th Cir. 1988); <u>Nichols v. Scott</u>, 69 F.3d 1255, 1275 (5th Cir.
1995) ("An attack on a state habeas proceeding does not entitle
the petitioner to [federal] habeas relief in respect to his
conviction, as it is an attack on a proceeding collateral to the
detention and not the detention itself.") (internal quotation
marks omitted); <u>Roe v. Baker</u>, 316 F.3d 557, 571 (6th Cir. 2002)
("relief may not be granted to a habeas petitioner for alleged
deficiencies in a state's post-conviction procedure"); <u>Jolly v.
Gammon</u>, 28 F.3d 51, 54 (8th Cir. 1994); <u>Franzen v. Brinkman</u>, 877
F.2d 26, 26 (9th Cir. 1989); <u>Hopkinson v. Shillinger</u>, 866 F.2d
1185, 1219-20 (10th Cir. 1989), <u>on</u> <u>reh'g</u>, 888 F.2d 1286 (1989),

<u>overruling</u> <u>on</u> <u>other</u> <u>grounds</u> <u>recognized</u> <u>by</u> <u>Davis v. Maynard</u>, 911 F.2d 415, 417 (10th Cir. 1990); <u>Spradley v. Dugger</u>, 825 F.2d 1566, 1568 (11th Cir. 1987). <u>Contra</u> <u>Dickerson v. Walsh</u>, 750 F.2d 150, 153 (1st Cir. 1984).

To the extent that the remaining six claims were not procedurally defaulted, they too, fail to provide a basis for relief.  Petitioner has not shown that the State Courts' disposition of these claims were either contrary to or an unreasonable application of United States Supreme Court precedent or constituted an unreasonable determination of the facts.  28 U.S.C. § 2254(d).

**D.  Certificate of Appealability**

A certificate of appealability should be denied because Petitioner has not shown that jurists of reason would find it debatable whether dismissal of the petition for failure to comply with AEDPA's statute of limitations or for failure to raise cognizable and/or meritorious issues was correct.

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections

may constitute a waiver of any appellate rights.

                                                  _____
                                                   s/Lisa Pupo Lenihan
                                                  Lisa Pupo Lenihan
                                                  U.S. Magistrate Judge

Dated: October 28, 2005

cc:  The Honorable David S. Cercone
     United States District Judge


     Christopher Darnell Caldwell
     BE-2520
     SCI Fayette
     Box 9999
     LaBelle, PA 15450-0999


     Ronald M. Wabby, Jr.
     Office of the District Attorney
     401 Allegheny County Courthouse
     Pittsburgh, PA 15219
     (412) 350-4377